IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| RUDY ESTRADA, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV 321-078 |
| | ) | |
| STACEY N. STONE, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Petitioner, an inmate at McCrae Correctional Institution in McRae, Georgia, brings the above-captioned petition pursuant to 28 U.S.C. § 2241.  For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** Respondent's motion to dismiss be **GRANTED**, (doc. no. 7), the petition be **DISMISSED**, this civil action be **CLOSED**, and an appropriate judgment of dismissal be **ENTERED**.

I.     PROCEDURAL BACKGROUND

Petitioner filed his petition on December 23, 2021, arguing he is entitled to credit against his federal sentence for time spent in custody of the U.S. Marshals Service while he was serving a state sentence in Florida.  (See doc. no. 1 ("Petition").)  Respondent filed a motion to dismiss arguing Petitioner already received credit for the time in question against his state sentence.  (Doc. no. 7 ("Motion to Dismiss").)  The motion to dismiss contained several attachments and a declaration by Stacey Fanello of the Florida Department of

Corrections ("FDOC"). (Doc. no. 7-1, Fanello Decl.)

Before ruling on the motion to dismiss, the Court ordered Respondent to supplement the record with an affidavit from FDOC that (1) itemizes by category every day of credit Petitioner received on his state sentence; and (2) explains whether and to what extent Petitioner received state credit for the periods in question. (Doc. no. 11.) In response, Respondent submitted a brief, a supplemental declaration from Stacey Fanello, and an affidavit from Heather Wells. (Doc. no. 13; doc. no. 13-1, Wells Aff.; doc. no. 13-2, Supp. Fanello Decl.)

Petitioner then filed a response brief, reiterating his initial ground for relief, and argued for the first time he did not receive 48 days of gain-time credit on his state sentence to which he was entitled. (See doc. no. 14 ("Pet.'s Resp.")). Respondent replied by filing a brief with copies of two writs of habeas corpus *ad prosequendum* and a supplemental affidavit from Heather Wells. (Doc. no. 16; doc. no. 16-3, Supp. Wells Aff.) Petitioner then filed a second response brief. (Doc. no. 18. ("Pet.'s Surreply").) The record now being properly supplemented, the Court turns to the motion to dismiss.

## II.   PETITIONER'S INCARCERATION HISTORY

In 2008, Petitioner was arrested for drug trafficking by state authorities in Florida. (Petition, p. 2.) Three cases were filed against Petitioner in Florida state courts: (1) 08-CF-16133; (2) 08-CF-18368; and (3) 08-CF-2896. (Fanello Decl., Attachs. 3-6; Wells Aff. 1-2.) On June 7, 2010, the state court sentenced Petitioner to fifteen years for 08-CF-16133. (Fanello Decl., Attach. 4.) Plaintiff also received a seven-year sentence and a six-year, four-month sentence for 08-CF-18368 and 08-2896 respectively, which he served concurrently with the fifteen-year sentence in 08-CF-16133. (Id., Attachs. 5-6.)

On July 1, 2013, Petitioner was taken into temporary federal custody by the U.S. Marshals Service pursuant to a federal writ of habeas corpus *ad prosequendum* for charges related to illegal reentry.[1] (Fanello Decl. ¶ 5; doc. no. 16-1.) United States District Judge John E. Steele of the Middle District of Florida sentenced Petitioner to forty-eight months in prison to be served consecutively with his fifteen-year state court sentence. (Fanello Decl. at ¶ 6 & Attach. 7.) Petitioner was returned to state authorities on March 26, 2014. (Id. at ¶ 6.)

Petitioner then won an appeal of his federal sentence, see United States v. Estrada, 777 F.3d 1318, 1320 (11th Cir. 2015), and on April 10, 2015, he was once again taken into temporary federal custody by the U.S. Marshals Service pursuant to a writ of habeas corpus *ad prosequendum* to be re-sentenced. (Fanello Decl. ¶¶ 6-7; doc. no. 16-2.) On May 11, 2015, Judge Steele granted Petitioner a downward variance and re-sentenced him to forty-one months in prison to be served consecutively with his state court sentence. (Fanello Decl., Attach. 8.) Thereafter, on July 20, 2015, Petitioner was returned to state authorities to finish his fifteen-year state sentence. (Id. at ¶¶ 8-9 & Attach. 3.)

After factoring 803 days of already earned jail credit, Petitioner's projected release date for his fifteen-year state sentence was initially March 23, 2023, the maximum release date. (Wells Aff. 2.) Pursuant to Fla. Stat. Ann. § 944.275, FDOC granted Petitioner a deduction of his sentence in the form of gain-time. (Id. at 3.) However, Petitioner was still required under Florida Law to complete 85% of his fifteen-year sentence regardless of gain-time. See Fl. Stat.

---

[1]The Wells affidavit indicates Petitioner was first transferred to U.S. Marshals Service custody on June 19, 2013, rather than July 1, 2013. (Compare Wells Aff. 2 with Petition, p. 5 and Fanello Decl. ¶ 5.) However, the discrepancy in these dates does not impact the Court's analysis and ultimate ruling.

Ann § 944.275 (4)(b)(3); (Wells Aff. 3). Petitioner's 85% minimum service release date was December 22, 2020. (Wells Aff. 2.) Whatever gain-time Petitioner received could not set a release date earlier than December 22, 2020. (See Supp. Wells Aff. 3.)

Petitioner's term was ultimately reduced by 821 days, the maximum amount of gain-time (and time-not-served) Petitioner could have received. (Supp. Wells Aff. 3.) Petitioner was accordingly released from FDOC custody on December 22, 2020, 821 days prior to his initial release date of March 23, 2023. (Id. at 2-3.) As December 22nd was also his minimum release date, Petitioner could have not been released earlier. (Id.)

Petitioner claims he is entitled to 369 days of jail credit under 18 U.S.C. § 3585(b)(2) for the two periods he spent in the custody of the U.S. Marshals Service for sentencing in his federal case: (1) July 1, 2013 through March 26, 2014 (268 days) and (2) April 10, 2015 through July 20, 2015 (101 days). (Petition, pp. 4-7.) In later filings, he adds a claim that he should have received an additional 48 days of gain-time credit towards his state sentence. (See Pet's Resp., p. 4.) Respondent moves to dismiss the petition, arguing Petitioner already received the credit he seeks. (Motion to Dismiss, pp. 3-7.)

## II.    DISCUSSION

### A.    18 U.S.C. § 3585(b) and Double Credit

The issue Petitioner raises concerning the computation of his sentence is governed by 18 U.S.C. § 3585 and Program Statement ("PS") 5880.28 of the Sentence Computation Manual (CCCA of 1984). The relevant portion of 18 U.S.C. § 3585 provides as follows:

> (b) Credit for prior custody.—A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences-

4

> (1) as a result of the offense for which the sentence was imposed; or
>
> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> that has not been credited against another sentence.

This code section establishes two principles of sentence crediting. First, to qualify for a credit, the defendant must have served the time as a result of either the offense underlying the sentence or an offense for which the defendant was arrested after commission of the underlying offense. 18 U.S.C. § 3585(b)(1)-(2).

Second, under no circumstances may a defendant receive double credit for time served prior to sentencing. Section 3585 expresses this principle in two ways, first by providing that a defendant shall receive credit for "any time he has spent in official detention prior to the date the sentence commences." Id. § 3585(b). A defendant must therefore receive credit equal to, but not more or less than, the time in detention prior to sentencing. Section 3585 also provides that a defendant is ineligible for a credit to the extent time in detention has "been credited against another sentence." Id. In sum, when read together, these components of § 3585 provide that one day in presentence detention equals one day of credit that can be applied only once.

"In enacting section 3585(b), 'Congress made clear that a defendant could not receive a double credit for his detention time.'" Rey v. Warden, FCC Coleman-Low, 359 F. App'x 88, 90 (11th Cir. 2009) (*per curiam*) (citing United States v. Wilson, 503 U.S. 329, 336-37 (1992)). PS 5880.28 similarly provides that "[c]redit will be given for time spent in official detention as a direct result of the federal offense for which the federal sentence was imposed . . . provided it has not been credited against another sentence." PS 5580.28, pp. 1-16, *available*

5

*at* www.bop.gov/policy/progstat/5880_028.pdf (last visited August 1, 2022). The Supreme Court has instructed lower courts that this PS is entitled to at least "some deference." Reno v. Koray, 515 U.S. 50, 61 (1995).

Petitioner seeks federal credit for time previously credited to his state sentence. However, under § 3585(b), time credited to Petitioner's state sentence cannot be credited again to his federal sentence. See Wilson, 503 U.S. at 337; Shepherd v. Warden, USP-Atlanta, 683 F. App'x 854, 855 (11th Cir. 2017) (*per curiam*) (applying Wilson and finding § 2241 petitioner not entitled to federal credit for time previously credited to state sentence). As explained below, Petitioner received credit against his fifteen-year state court sentence for the two periods of time he spent in federal custody pursuant to a writ of habeas corpus *ad prosenquendum*. He has received all prior custody credit he is due for the time spent incarcerated and may not receive double credit for time served prior to his federal sentence.

    **B.**    **The Credit Petitioner Seeks Applies to His State Sentence, Not His Federal Sentence**

The Court starts it analysis with a determination of "the date the sentence commences." According to 18 U.S.C. § 3585(a), "[a] sentence to a term of imprisonment commences on the date the defendant is received in custody, awaiting transportation to . . . the official detention facility at which the sentence is to be served." Petitioner argues he should have received an additional 48 days of gain-time towards his state sentence due to out-to-court-status. (Pet's Resp., pp. 4-6, Pet's Surreply, pp. 3-4.) Petitioner never explains how the failure to receive 48 days of gain-time towards his state sentence impacts his *federal* sentence, though it appears he wants the Court to grant him those 48 days of credit in addition to the 369 days originally

6

sought.[2] (Pet.'s Resp., p. 6.) The Court need not decipher Petitioner's request. As explained, the earliest Petitioner could have been released was December 22, 2020. Any earned but unawarded gain-time credit would not change that date or affect Petitioner's claims. Petitioner received the maximum amount of gain-time he could have received. Thus, Petitioner completed his state sentence on December 22, 2020, and was released that day into exclusive federal custody to begin his forty-one-month federal sentence. Petitioner's federal sentence did not begin until December 22, 2020.

Having determined Petitioner's federal sentence commenced on December 22, 2020, the Court turns to the question of prior custody credit. Petitioner asks the Court to award him 369 days of prior custody credit for the two periods when he was in federal custody after temporary removal from state custody. However, "when the federal government takes possession of a state prisoner pursuant to a writ of habeas corpus *ad prosequendum,* the state's custody is not interrupted, and thus the prisoner's federal sentence does not begin to run until he is turned over to federal authorities after having served his state sentence. Butler v. Warden, FCC Coleman-Medium, 451 F. App'x 811, 812 (11th Cir. 2011) (*per curiam*) (citing Causey v. Civiletti, 621 F.2d 691, 693 (5th Cir.1980)[3]). A writ of habeas corpus *ad prosequendum* is "only a loan of the prisoner to another jurisdiction for criminal proceedings in the receiving

---

[2] In any event, it is likely that a challenge relating to gain-time credit on his state court sentence properly through a petition under 28 U.S.C. § 2254. Holston v. Sec'y, Fla. Dep't of Corr., No. 8:17-CV-796-T-02TGW, 2020 WL 1891300, at *1 (M.D. Fla. Apr. 16, 2020) (citing Medberry v. Crosby, 351 F.3d 1049, 1054 (11th Cir. 2003)).

[3] The Eleventh Circuit adopted as binding precedent all opinions handed down by the former Fifth Circuit prior to October 1, 1981. Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*).

jurisdiction." Causey, 621 F.2d at 693. After Petitioner questioned whether any such writs were issued, Respondent provided the Court copies of the two writs of habeas corpus *ad prosequendum* for the periods relevant to this case. (See doc. no. 16-1 (writ dated May 10, 2013; doc. no. 16-2 (writ dated March 31, 2015).) Accordingly, although the U.S. Marshal temporarily removed Petitioner from state custody on a "loan" pursuant to a federal writ of habeas corpus *ad prosequendum* to answer the federal charges first from July 1, 2013 until March 26, 2014, and again from April 10, 2015 until July 20, 2015, the state's custody was never interrupted. See Butler, 451 F. App'x at 812; (Supp. Fanello Decl. 2-3.)

The time Petitioner spent in the custody of the U.S. Marshals Service was thus credited against Petitioner's fifteen-year state court sentence. Petitioner's state sentence began on June 7, 2010, and ran *uninterrupted* for 4,654 days until December 22, 2020, when he was released from FDOC custody early due to gain-time. (See Wells Aff. 2-3.) All time spent in government custody during that period, whether with FDOC or the U.S. Marshals Service, was credited towards Petitioner's state sentence as Petitioner was always under the primary custody of FDOC. (Id.; Supp. Fanello Decl. 3-4.)

Nevertheless, Petitioner argues he should receive jail credit for the two time periods because "[P]etitioner was in the 'Custody of the United States Federal System,' and therefore should be granted the credit for time spent in federal custody." (Doc. no. 10.) Petitioner misunderstands the law. Because the time from July 1, 2013 until March 26, 2014, and from April 10, 2015 until July 20, 2015, was properly credited against Petitioner's state sentence, he is not entitled to double credit for that time on his federal sentence. See Wilson, 503 U.S. at 337; Shepherd, 683 F. App'x at 855.

### III.   CONCLUSION

For the reasons set forth above, Petitioner has not shown the calculation of his sentence is in violation of the Constitution, laws, or treaties of the United States as is required to obtain relief under 28 U.S.C. § 2241.  Accordingly, the Court **REPORTS** and **RECOMMENDS** Respondent's motion to dismiss be **GRANTED**, (doc. no. 7), the petition be **DISMISSED**, this civil action be **CLOSED**, and an appropriate judgment of dismissal be **ENTERED**.

SO REPORTED and RECOMMENDED this 4th day of August, 2022, at Augusta, Georgia.

*/s/ Brian K. Epps*
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA